7/15/2021 Case 4:21-cv-02333 Document 1-2 Filed on 07/19/21 in TXSD Page 1 of 11
tylerpaw.fortbendcountytx.gov/PublicAccess/CaseDetail.aspx?CaseID=2098131

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : Fort Bend  Help

# REGISTER OF ACTIONS
### CASE NO. 21-DCV-284194

| | | |
|---|---|---|
| Shannon Peterson v Revlon, Inc., Revlon Consumer Products Corporation and Wal-Mart Stores Texas, LLC | § § § § § | Case Type: Injury or Damage Other Product Liability<br>Date Filed: 06/09/2021<br>Location: 400th District Court |

---

## PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| Defendant or Respondent | Revlon Consumer Products Corporation<br>Wilmington, DE 19810 | |
| Defendant or Respondent | Revlon, Inc.<br>Wilmington, DE 19810 | |
| Defendant or Respondent | Wal-Mart Stores Texas, LLC<br>Dallas, TX 75201 | |
| Plaintiff or Petitioner | Peterson, Shannon | Jacqueline A Stump<br>*Retained*<br>832-667-7700(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 06/09/2021 | **Petition**    Index # 1 |
| | *Plaintiff's Original Petition and Jury Demand* |
| 06/10/2021 | **Jury Fee Paid** |
| | *Jury Demand* |
| 06/10/2021 | **Issuance**    Index # 2 |
| | *Citation Issued to Revlon Inc.* |
| 06/10/2021 | **Citation** |
| | *Eservice* |

|   | Revlon, Inc. | Served | 06/28/2021 |
|---|---|---|---|
|   |   | Returned | 07/01/2021 |

| 06/10/2021 | **Issuance**    Index # 3 |
| | *Citation Issued to Revlon Consumer Products Corporation* |
| 06/10/2021 | **Citation** |
| | *Eservice* |

|   | Revlon Consumer Products Corporation | Served | 06/28/2021 |
|---|---|---|---|
|   |   | Returned | 07/01/2021 |

| 06/10/2021 | **Issuance**    Index # 4 |
| | *Citation Issued to Wal-Mart Stores Texas LLC* |
| 06/10/2021 | **Citation** |
| | *Eservice* |

|   | Wal-Mart Stores Texas, LLC | Served | 06/23/2021 |
|---|---|---|---|
|   |   | Returned | 06/25/2021 |

| 06/25/2021 | **Officers Return**    Index # 5 |
| | *Return of Service for Wal-Mart Stores Texas, LLC Served 6/23/21* |
| 07/01/2021 | **Officers Return**    Index # 6 |
| | *Citation Return for Revlon Consumer Products Corporation Served 6/28/21* |
| 07/01/2021 | **Officers Return**    Index # 7 |
| | *Affidavit of Service for Revlon Inc. Served 6/28/21* |

---

## FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff or Petitioner** Peterson, Shannon | |
| Total Financial Assessment | 361.00 |
| Total Payments and Credits | 361.00 |
| **Balance Due as of 07/15/2021** | **0.00** |

| 06/10/2021 | Transaction Assessment | | | 361.00 |
|---|---|---|---|---|
| 06/10/2021 | E-filing | Receipt # 2021-13915-DCLK | Peterson, Shannon | (361.00) |

(Page 1 of 10)
Case 4:21-cv-02333   Document 1-2   Filed on 07/19/21 in TXSD   Page 2 of 11

Filed
6/9/2021 3:38 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Norma Sosa

Cause No. **21-DCV-284194**

| | | |
|---|---|---|
| **SHANNON PETERSON,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **REVLON, INC.; REVLON** | § | |
| **CONSUMER PRODUCTS** | § | Fort Bend County - 400th Judicial District Court |
| **CORPORATION; and** | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| *Defendants* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff Shannon Peterson ("Plaintiff") now files this Plaintiff's Original Petition and Jury Demand, complaining of Defendants Revlon, Inc. ("Defendant Revlon"), Revlon Consumer Products ("Revlon Consumer") (together referred to as "the Revlon Entities"), and Wal-Mart Stores Texas, LLC ("Defendant Walmart") (altogether referred to as "the Defendants"), and alleges the following.

## DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff maintains that discovery in this case should be conducted under Level 3.

2. Plaintiff seeks damages within the jurisdictional limits of the Court and seeks monetary relief over $250,000.00 but less than $1,000,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees. *See* Tex. R. Civ. P. 47.

## PARTIES

3. Plaintiff Shannon Peterson is a resident of Fort Bend County, Texas who may be served through her undersigned counsel.

4. Defendant Revlon, Inc. ("Defendant Revlon") is a Delaware corporation headquartered in New York and doing business in the State of Texas. Defendant may be served

with process at One New York Plaza, Floor 49, New York, NY 10004, or by serving its registered agent, Corporate Creations Network Inc., located at 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE 19810. Revlon, Inc. at all times relevant hereto, was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Revlon Colorsilk at home hair color kit products in the state of Texas such as the Revlon Colorsilk home hair color kit at issue in this case.

5.  Defendant Revlon Consumer Products Corporation ("Defendant Consumer") is a Delaware corporation and may be served with process by serving through its registered agent, Corporate Creations Network Inc., located at 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE 19810.

6.  Defendant Wal-Mart Stores Texas, LLC is a Delaware corporation and may be served with process by serving through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## MISNOMER/ALTER EGO

7.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties were or are "alter egos" of parties named in this petition. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

8.  The alter ego doctrine imposes liability on a parent company when 1) the parent company is an alter ego of the subsidiary, and 2) the corporate fiction was used for illegitimate purposes. *Tryco Enters., Inc. v. Robinson*, 390 S.W. 3d 497 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd). A parent company is an alter ego when the ostensible separate companies share employees, common offices, centralized accounting services, payment of wages by one

corporation to another corporation's employees, common business name, service rendered by employees of one corporation on behalf of another corporation, undocumented transfers of funds between corporations, and unclear allocation of profits and losses between corporations. When the corporate structure is used to do injustice, create inequity, or perpetuate an actual fraud, it is illegitimate. *SSP Partners v. Gladstrong Investments Corp.*, 275 S.W.3d 444, 455 (Tex. 2008).

## VENUE AND JURISDICTION

9. The Court has jurisdiction over the Defendants because Defendants Revlon Inc. and Revlon Consumer are registered Delaware entities that is or were doing business in Texas. This Court also has jurisdiction over the controversy because the damages are above the minimum jurisdictional limits of this Court.

10. This Court also has personal jurisdiction over the Defendant pursuant to the Texas Long-Arm Statute. TEX. CIV. PRAC. & REM. CODE §§ 17.041, 17.042. Specifically, Defendant Revlon, Inc. and Revlon Consumer are foreign corporations doing business in the State of Texas.

11. Venue is proper in Fort Bend County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because a substantial part of the events or omissions giving rise to the present claims occurred in Fort Bend County, Texas.

## FACTS

12. On or about June 21, 2019, Plaintiff Purchased Revlon Colorsilk hair color from the Wal-Mart, located at 5660 W Grand Parkway S, Richmond, Texas 77406. Colorsilk is a home hair color kit intended to improve and alter hair color. Plaintiff was healthy and had no diseases or other physical abnormalities at the time she used the product.

13. Plaintiff read the directions contained within the Colorsilk box.

14. Plaintiff complied with all directives contained with the box and carefully applied the chemicals as directed. At all times, she was careful not to get the chemicals in her eyes or on her face. After waiting the instructed amount of time, she rinsed the product out of her hair.

15. The following day Plaintiff began experiencing itching and severe pain. A severe burn appeared on her entire scalp, ears, neck and face. Her discomfort increased over the next few days. When the pain became insufferable, Plaintiff went to an urgent care clinic where she was placed on antibiotics to treat her injuries.

16. The product was designed, manufactured, distributed, and/or marketed by Defendants. As a direct, proximate, and producing result of the at home hair color kit, Plaintiff suffered and sustained bodily injuries resulting from the incident. These injuries caused Plaintiff to sustain damages including past and future medical bills, and pain and suffering.

## CAUSES OF ACTION

### Negligence against the Revlon Entities

17. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

18. At all times herein mentioned, the Revlon Entities were and is engaged in the business of researching, manufacturing, fabricating, designing, labeling, assembling, distributing, buying, offering, for sale, selling, processing, inspecting, marketing, warranting, rebranding, for others, packing/and/or advertising the hair color kit and other products into the stream of commerce.

19. At all times herein mentioned, the Revlon Entities negligently and knowingly designed, produced, marketed and sold Revlon hair color products that were disproportionately unsafe and hazardous for consumers.

20. Defendants' product proximately caused personal injuries to users, consumers, and others, including the Plaintiff herein, while being used in a manner that was reasonably foreseeable, thereby rendering the hair color kit unsafe and dangerous for use by Plaintiff.

21. Defendants had a duty to exercise due care in the pursuance of the activities mentioned above and each of them breached said duty of care.

22. Plaintiff sustained chemical burns to her scalp, ears, neck, and face from the defective hair color kit.

23. Each and all of the above foregoing acts and omissions, singularly or in combination with others, constituted negligence which proximately caused this incident, and Plaintiff's injuries and damages.

### Strict Liability of the Revlon Entities

24. Paragraphs 1-20 are incorporated by reference.

25. Defendant Revlon, Inc. and/or Revlon Consumer Products Corporation are strictly liable for the defective design, formulation, construction, fabrication, production or assembly of hair color product at issue.

26. A product defect existed as to the hair color at issue; it existed at the time the product left the facilities or control of the Defendant Revlon Entities; the defect or defects made the product at issue unreasonably dangerous; and the defect or defects were a producing cause of Plaintiff's injuries.

27. Among other acts, Defendants the Revlon Entities are liable for:

   a. Failing to adequately and properly test the hair color at issue;

   b. Failing to properly manufacture the hair color at issue;

    c. Failing to institute, execute, and maintain adequate quality control and quality assurance processes and procedures at its manufacturing facility for the hair color and its component parts;

    d. Failing to provide adequate warnings and instructions for safe use of the hair color at issue in Texas.

28. These acts and others are what caused the injuries and damages to Plaintiff. The hair color was used properly by the Plaintiff in accordance with reasonable and foreseeable use, and it malfunctioned and/or contained a defect that caused chemical burns to the Plaintiff and incur injuries.

### The Revlon Entities Failure to Warn

29. Paragraphs 1-26 are incorporated by reference.

30. Defendants Revlon Entities knowingly advertised, marketed, instructed on, and distributed Revlon at home hair color kits that were unsafe and hazardous for their consumers.

31. Defendants knowingly failed to adequately warn or disclose consumers of suffering a potentially severe physical injury from using their product.

32. Among other acts of negligence, Defendants Revlon Entities was negligent in:

    a. Failing to institute, execute, and maintain adequate quality control and quality assurance processes and procedures at its manufacturing facility for the hair color and its component parts;

    b. Failing to provide adequate warnings of potential severe physical injuries from using their hair color product.

33. These acts of negligence and others are what caused the injuries and damages to Plaintiff.

## Breach of Implied and Express Warranty

34. Defendants Revlon Consumer Products Corporation, Revlon, Inc., and Wal-Mart have breached the express and implied warranties of merchantability by their sale of the Colorsilk hair product in the following ways:

   a. It did not pass without objection in the trade under the contract description;

   b. In the case of fungible goods, it was not of fair average quality within the description; and

   c. Was not fit for the ordinary purposes for which such goods are used; and

   d. Did not run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

   e. Are adequately contained, packaged, and labeled as the agreement may require; and

   f. conform to the promises or affirmations of fact made on the container or label if any.

   g. Other breaches of express and implied warranties.

## Respondeat Superior

35. The Defendants are legally responsible to Plaintiff for the acts and omissions of its employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency. As a result thereof, the Defendants are vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants and representatives.

## Res Ipsa Loquitor

36. The conditions and/or instrumentalities involved in the incident complained of herein were under the management and control of the Defendants, and/or its agents, servants, and employees. The character of the event causing Plaintiff's injuries would not ordinarily occur in the absence of negligence and, under these circumstances, Defendants' negligence must be inferred under the Doctrine of Res Ipsa Loquitor as the doctrine is understood by law.

## CONDITIONS PRECEDENT

37. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## DAMAGES

38. Plaintiff incorporates Paragraphs 1 through 37 by reference.

39. As a result of the preceding causes of action, Plaintiff has been damaged in the following manner:

   a. Medical, hospital, and pharmaceutical charges and expenses in the past;

   b. Past, present, and future mental anguish;

   c. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

   d. Pain and suffering in the past;

   e. Pain and suffering that, in reasonable probability, will be suffered in the future;

   f. Disability and impairment in the past;

   g. Disability and impairment that, in reasonable probability, will occur in the future;

   h. Loss of use

   i. Loss of consortium

40. Plaintiff has suffered damages from Defendants; wrongful conduct described herein. Accordingly, Plaintiff is seeking damages of over $250,000.00 but less than $1,000,000.00.

## REQUIRED DISCLOSURE

41. Under Texas Rule of Civil Procedure 194, Plaintiff requests that the Defendants disclose, within 30 days of the filing of the first answer, the information or material described in Rule 194.2.

## JURY DEMAND

42. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

Plaintiff requests that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiff has judgment against Defendants for actual damages in an amount the Court deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgement interest, post-judgement interest, costs of court, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**PARANJPE MAHADASS RUEMKE, LLP**

*/s/ Jacqueline A. Stump*

Jacqueline A. Stump
Texas State Bar: 24110954
Tej Paranjpe
State Bar Number: 24071829
3701 Kirby, Suite 530
Houston, Texas 77098
JStump@pmrlaw.com
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

For e-service only:

Service@pmrlaw.com  
*Counsel for Plaintiff*